IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3230 |
| | ) | |
| CITY OF SPRINGFIELD and LLOYD LAWSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion to Dismiss (Motion to Dismiss) (d/e 38). Plaintiff James Kerr filed a Response to Motion to Dismiss (d/e 40). For the reasons stated below, the Motion to Dismiss is denied in part and allowed in part.

## FACTS

Kerr is a 64-year-old man who suffers from a heart condition, spinal stenosis, and advanced diabetes. On October 6, 2005,[1] Kerr was cleaning

---

[1] The Court notes that Defendants dispute this date, but for purposes of a motion to dismiss, the Court accepts as true all factual allegations in the complaint. Unless otherwise stated, all facts here are taken from the Amended Complaint (d/e 2).

1

and performing yard work at his home with other members of his family. He was involved in disturbance with his neighbors, and the Springfield police were called. Defendant Lloyd Lawson is a Springfield police officer. He and his partner arrived on the scene and spoke with Kerr's neighbors. Lawson then approached Kerr, twisted his right arm behind his back, bent his thumb back toward his wrist, and handcuffed him. After handcuffing Kerr, Lawson tightened the cuffs and numerous times lifted the cuffs in a manner that caused pain and strain on Kerr's back, shoulders, arms, and wrists. Kerr began sweating profusely and suffering severe chest pains.

Kerr's wife told Lawson of Kerr's illnesses. Lawson responded with verbal abuse and profanities. Kerr asked his family members to provide him with his heart medication (nitroglycerin pills), but Lawson did not allow them to administer his medicine. Without the medication, Kerr's condition worsened. Lawson and his partner arrested Kerr, but shortly thereafter, he was released without charges.

On November 2, 2006, Kerr filed an Amended Complaint against Lawson and the City of Springfield alleging civil rights violations under 42 U.S.C. § 1983. Kerr asserts that Lawson's actions violated the Fourth Amendment. Defendants's Motion to Dismiss argues that Kerr's Amended

2

Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Defendants assert that Lawson had probable cause to arrest Kerr and therefore is entitled to qualified immunity. They also assert that Kerr cannot establish municipal liability for the City of Springfield because he has not alleged any City policy allowing police to use excessive force in arresting individuals or to arrest without probable cause.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all inferences in favor of the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Here, for the purpose of ruling on the pending motion, the Court accepts as true the allegations in

Kerr's Amended Complaint.

Kerr filed suit under 42 U.S.C. § 1983, which "merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 394 (1989) (internal quotation marks omitted). To state a claim under § 1983, a plaintiff must allege that "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Case v. Milewski, 327 F.3d 564, 566 (7th Cir. 2003). Kerr alleges that Lawson acted under color of state law and employed excessive force in arresting him. Use of excessive force violates an individual's Fourth Amendment right to be free from unreasonable seizure. Graham v. Connor, 490 U.S. 386, 394 (1989). If Kerr is able to prove his factual allegations, they could support a claim of liability.

Defendants argues that Lawson is entitled to qualified immunity but, at this stage, the Court disagrees. "Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

4

which a reasonable person would have known." <u>Lanigan v. Village of East Hazel Crest, Ill.</u>, 110 F.3d 467, 471-72 (7th Cir. 1997) (internal quotation marks omitted). Defendants argue that Lawson had probable cause to arrest Kerr, and therefore Lawson is entitled to qualified immunity. Whether Lawson had probable cause to arrest Kerr, however, depends on the facts, and the factual allegations in the Amended Complaint do not preclude a finding that Lawson lacked probable cause. After discovery commences, Defendants may be able to prove that Lawson had probable cause to arrest Kerr, but at this time, the Court must treat Kerr's factual allegations as true. Moreover, Kerr's Amended Complaint explicitly alleges that Lawson employed excessive force in making the arrest. Even if Lawson had probable cause to arrest Kerr, if he employed excessive force to make that arrest, he violated Kerr's Fourth Amendment rights. If Lawson's conduct did not violate clearly established law regarding excessive force, Defendants may be able to prove that he is entitled to qualified immunity, but they have not even raised such an argument here. The Court will not dismiss Kerr's claim against Lawson at this time.

Defendants are correct, however, that Kerr's Amended Complaint does not raise a viable claim against the City of Springfield. "Municipalities are

5

not vicariously liable in litigation under § 1983." Taylor v. Carmouche, 214 F.3d 788, 791 (7th Cir. 2000). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978) (emphasis in original). A municipality can be found liable under § 1983 only if the defendant's constitutional rights were violated pursuant to municipal policy or custom. Id. at 694. Here, Kerr fails to allege any City of Springfield policy or custom allowing the excessive use of force in arrests.

Kerr argues that his claim against the City of Springfield depends not on vicarious liability, but on Illinois law directing local governments to pay any tort judgment or settlement for liability incurred by an employee while acting within the scope of his employment. Plaintiff's Response to Motion to Dismiss (d/e 40), Exhibit 1, Memorandum in Opposition to Defendants' Motion to Dismiss the Complaint, at 4 (citing 745 ILCS 10/9-102.). Yet, Kerr's Amended Complaint alleges only civil rights violations under § 1983. The Amended Complaint contains no tort claim against Lawson or the City of Springfield. Thus, this Illinois statute is irrelevant. Moreover, the Illinois statute does not create a cause of action against the City for tort victims; it

only creates an obligation to indemnify torfeasors. Even if applicable, the statute would not allow the City of Springfield to be joined as a defendant here. It only would obligate the City of Springfield to pay any judgment obtained against Lawson. The Court dismisses the claim against the City of Springfield.

THEREFORE, Defendants' Motion to Dismiss (d/e 38) is DENIED in part and ALLOWED in part. The Court denies Defendants' request to dismiss the claim against Lawson and allows their request to dismiss the claim against the City of Springfield.

IT IS THEREFORE SO ORDERED.

ENTER: December 21, 2007

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE