# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3230 |
| | ) | |
| CITY OF SPRINGFIELD and | ) | |
| SPRINGFIELD POLICE OFFICER | ) | |
| LAWSON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Springfield Police Officer Lloyd Lawson's request for costs.[1]  <u>Motion for Dismissal with Prejudice and Costs (d/e 64)</u>.  In a Text Order, dated May 29, 2009, this Court allowed Defendant Lawson's Motion to Dismiss with Prejudice and reserved ruling on his request for costs. Defendant Lawson seeks costs in the amount of $7,287.20.  Plaintiff failed to respond to the request for costs, despite being granted time to do so.  <u>Text Order, dated May 29, 2009</u>.  As

---

[1] Plaintiff's claim against the City of Springfield was dismissed in an Opinion (d/e 46), dated December 21, 2007.

1

set forth below, the Court awards costs in the amount of $2,173.20.

Federal Rule of Civil Procedure 54(d) provides as follows: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." This Court must determine whether the costs requested are reasonable and statutorily allowable. See, e.g., Deimer v. Cincinnati Sub-Zero Products, Inc., 58 F.3d 341, 345 (7th Cir. 1995). Under 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court reviews the pending request for costs with these principles in

mind.

Defendant seeks $545.00 for fees associated with service of summons and subpoena. This request is allowed. Defendant seeks $1,308.20 for fees of the court reporter for transcripts. This request is allowed. Defendant seeks witness fees in the amount of $42.00 for seven lay witnesses. Under 28 U.S.C. § 1821, the daily witness attendance fee is $40.00. The statute also allows a witness to recover travel expenses and subsistence; however, there is nothing in the record to indicate that the excess amounts sought by the Defendant are related to either of these allowable areas. Therefore, Defendant is awarded costs in the amount of $40.00 each for witness fees relating to Betty Griffin, Bryant Kerr, Jamison Kerr, Lorraine Kerr, Seth Gregory, Shaun Williamson, and Shymeka Kerr, for a total of $280.00.

Defendant seeks witness fees in the amount of $2,140.00 for Dr. Per Freitag. Although not listed as such on the bill of costs, Defendant's supporting materials indicate that Dr. Freitag is an expert witness. <u>Motion for Dismissal with Prejudice and Costs</u>, Attachment 1, p. 19. Unless the expert is court-appointed, fees relating to an expert witness' attendance at court or a deposition are only recoverable at the rate established for a lay witness, currently $40.00 per day, plus travel expenses and subsistence. <u>See</u>

28 U.S.C. § 1920(3) & (6); 28 U.S.C. § 1821; see also Portman v. Andrews, 249 F.R.D. 279, 282 (N.D. Ill. September 17, 2007). Dr. Freitag was not court-appointed, and again, there is nothing in the record to indicate that the excess amounts sought by the Defendant are related to travel or subsistence. Thus, Defendant is awarded $40.00 for the witness fee relating to Dr. Per Freitag.

Defendant seeks expert witness fees in the amount $3,000.00 relating to Darrell Ross. Defendant's supporting materials indicate that this expense results from document review and the preparation of an expert report. Motion for Dismissal with Prejudice and Costs, Attachment 1, p. 24. Ross was not court-appointed, and Defendant fails to establish that the $3,000.00 qualifies as a statutorily allowable cost. Defendant's request for costs relating to fees paid to Darrell Ross is denied.

THEREFORE, as set forth above, Defendant Springfield Police Officer Lloyd Lawson's Motion for Costs which is contained within the Motion for Dismissal with Prejudice and Costs (d/e 64) is ALLOWED, in part, and DENIED, in part. The Court awards costs in the amount of $2,173.20 against Plaintiff James Kerr in favor of Defendant Springfield Police Officer Lloyd Lawson. The Motion is denied in all other respects. The Court

further notes that Magistrate Judge Evans previously ordered Plaintiff's counsel, Attorney Dorsey, to pay sanctions in the amount of $200.00 and attorney's fees in the amount of $50.00 to Defendant Lawson.  See <u>Minute Entry, dated January 14, 2009</u>; <u>Minute Entry, dated May 20, 2009</u>.  On May 29, 2009, Attorney Dorsey submitted $200.00 (Receipt No. 34626001436) to the Clerk of the Court, as payment for the sanctions.  The Clerk is directed to disperse the $200.00 to the Office of Corporation Counsel, City of Springfield, Illinois, 800 East Monroe St., Springfield, Illinois 62701.  The record does not indicate whether Dorsey has paid the $50.00 in attorney's fees to Defendant Lawson.  If he has not already done so, he is directed to do so immediately.

IT IS THEREFORE SO ORDERED.

ENTER:   October 6, 2009

       FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE